IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:26cr28 |
| NICOLAS ANTONIO LAINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S POSITION ON SENTENCING**[1]

Nicolas Antonio Lainez, through counsel, states he has no objections to the Presentence Report (PSR). He respectfully requests a sentence of 240 months in prison, followed by eight years of supervised release. This sentence is "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a)

On October 28, 2026, the Court issued an order accepting the plea agreement, which provides for a 240-month prison sentence pursuant to Rule 11(c)(1)(C). ECF No. 31. After extensive plea negotiations, the parties agree that a 240-month prison sentence properly considers Nicolas's youth at the time of the offense, his challenging upbringing, mental health and substance use concerns, and the specifics of the offense conduct. Importantly, this sentence avoids unwarranted sentencing disparities for individuals who have committed similar offenses, all while protecting the public and deterring future

[1] Because the Court has already accepted the plea agreement, the defense will not write a substantive filing addressing each sentencing factor. However, we do ask the Court to consider the attached letter from Nicolas's father, plus Nicolas's personal history as outlined in the PSR, in fashioning a length of supervised release that is "sufficient but not greater than necessary." 18 U.S.C. § 3553(a). *See* Exhibit A (Letter from Camper Lainez).

criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B-C) & (6). The defense sincerely appreciates the government's willingness to offer this plea agreement and allow Nicolas a second chance at life, at a reasonable age.

Nicolas's personal history is tragic. He has had fractured relationships with each of his parents at different times, though it is difficult to square both of their versions of his upbringing. Regardless, Nicolas was caught in the middle and his childhood lacked stability. Additionally, Nicolas lived in unsafe neighborhoods, witnessing drug activity and violence at an early age. When he was just 13 years old, he and a friend were shot at by local gang members while they were walking home from school. Nicolas hid, but his friend was shot and killed. PSR¶ 56.

Most relevant to the charges before the Court, Nicholas was likely the victim of childhood abuse, based on troubling behaviors he exhibited as a young child. PSR ¶ 55; *see also* PSR ¶ 43. Though his parents attempted to get him some treatment, he did not meaningfully participate and therefore did not receive any true benefit. PSR ¶ 69. Perhaps to deal with all this trauma, Nicolas began drinking alcohol at 14 years old, and by the time he turned 16 years old, was drinking "all day." PSR ¶¶ 71-82. Nicolas needs treatment to address not only the trauma he experienced, but any resulting or related mental health and substance use disorders.

Nicolas has not yet earned his GED, though he is trying. PSR ¶ 79. He hopes to earn it while in the Bureau of Prisons. He also needs marketable skills to combat the barriers to employment he will face with this conviction. Nicolas told Probation he is "interested in vocational training to earn his Commercial Driver's License (CDL) and

plans to participate in welding, heating, ventilation, and air conditioning (HVAC), and vehicle maintenance programs during his term of incarceration." *Id*. We ask the Court to recommend all available educational programming and vocational training.

The nature and circumstances of this case are serious, without question. The details are set out in the PSR at paragraphs 13 to 19. At the same time, a 20-year sentence is a substantial one for a 19-year-old who has never been to jail, much less prison. The sentence accounts for Nicolas's youth and for what we know about the young brain: its susceptibility to impulse, but also its greater capacity for rehabilitation. As the Supreme Court observed in *Miller v. Alabama,* young people "have a 'lack of maturity and an underdeveloped sense of responsibility,' leading to recklessness, impulsivity, and heedless risk-taking." 567 U.S. 460, 471 (2012) (*quoting Roper v. Simmons*, 543 U.S. 551, 569 (2005)).

In addition to the 240-month sentence, the Court must impose a period of supervised release of at least five years. PSR ¶ 90. In consideration of the § 3553(a) factors, a supervised release term of eight years is sufficient. Eight years of supervised release appropriately considers Nicolas's youth, lack of criminal record, the relatively limited scope of the offense conduct, as well as the collateral consequences Nicolas will face as a registered sex offender at such a young age.

Nicolas experienced various forms of trauma as a young child and had a severe addiction to alcohol. Therefore, we ask the Court to recommend trauma-focused mental health treatment, sex offender treatment, and the Residential Drug Abuse Program (RDAP). We also ask the Court to recommend vocational and educational programming

so that Nicolas is as employable as possible, upon release. Finally, we ask that Nicolas be housed in a prison as close to Miami, Florida as possible.

Respectfully submitted,

NICOLAS ANTONIO LAINEZ

By /s/

Amanda C. Conner
Assistant Federal Public Defender
Virginia State Bar No. 88317
Attorney for Nicolas Antonio Lainez
Office of the Federal Public Defender
500 E. Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: 757-457-0890
Facsimile: 757-457-0880
amanda_conner@fd.org